### CAMBRE & AL. vs. KOHN & AL.

In a sale of a certain and limited part, taken from a whole tract, leaving another part between the premises sold and the river; the words *front to the river*, are merly descriptive of the position of the land sold, & no land passes beyond the expressed limits.

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. This case was formerly before the supreme court, on an appeal taken from a judgment rendered by the district court, in relation to exceptions which were pleaded to the action. It was remanded, and trial has since taken place on the merits.

The plaintiffs claim, as heirs of Veronique Cambre, who was the wife of Andrew Velliamil, the puachaser of a certain lot of ground, in the faubourg St. Mary, from Claude F. Girod, who derived his title from Bertrand Gravier. One half of this property

is claimed in right of their ancestor, as having been acquired during heo marriage with Velliamil, and the defendants are sued, as possessors without title.

The object of the suit, is to recover from them, certain portions of the batture, in front of the faubourgh, of which they have had possession for some years. Their answers contain a general denial, and allege title, &c. The cause was submitted to a jury, who found a verdict in their favor, and from a judgment rendered in conformity thereto, the plaintiffs appealed.

In investigating this case, we consider as wholly unnecessary, any disquisition on the doctrine of allusion, in relation to the rights of riparious proprietors of land on navigable rivers, or other water courses in this state, viewing them to be settled by many decisions of its competent judiciary.

We will, therefore, come directly to the consideration of the title of the plaintiffs, as supported by the written documents and testimony adduced in the cause. The main foundation of their claim to the premises in dispute, is founded on an act of sale, made by Bertrand Gravier, to Claude F. Girod, exe-

Eastern District.
*February*, 1830.

CAMBRE & AL.
*vs.*
KOHN & AL.

cuted on the 22d of March, 1794, of a certain parcel of land described in said act. The latter person having transferred to Velliamil, all his rights and claims on the batture, in front of a lot of which, the tract or parcel of land purchased from B. Gravier, made a part, in the act of sale passed between them, on the 23d of April, 1807. The expressions principally relied on in the deed from Gravier to Girod, is, that the piece or patch of land, (*pano de terra*) sold, was situated without the walls of the city, and fronted to the river, (*frente al rio*) and that it passed to the purchaser by express terms "*con todas sus entradas y saidas usos, costumtres derechos*, &c. From these expressions, the counsel for the appellants contend, that the vendor became the owner and possessor of a rural estate, limited in front by the river, and consequently acquired a right to any alluvion which was then attached to it, or might thereafter accrue. The sale purports to be of a piece [of land, composed of 52 1-2 feet front to the river Mississippi, and 160 in depth, bounded on one side by the land of Nicholas Gravier, and on the other, by land of the vendor, making a superficis of 8290 square feet. The

testimony of the case shows, that at the time of this sale, a considerable extent of alluvion, or batture, was then formed and attached to the lot of ground sold, indeed to an extent greater than the land embraced by lines corresponding with the limitations of the deed, which fixed the quantity to the amount as stated (8290 square feet.) The proof of this fact, renders useless any inquiry into the privilege of the vendor, to acquire, by right of accession, alluvion which might have attached itself to his lot, after he became the proprietor, under the sale from B. Gravier. That the purchaser took possession of the parcel of land really intended to be sold, cannot be denied, and it is clear, from the evidence, that it was a small portion of a large tract, then held by the seller, and whether, at that period, the whole front of the tract was established as a faubourg to the city of New-Orleans, need not be inquired into, believing, as we do, that even considering the property sold, as a rural estate, the expression in the act of sale, did not convey to the vendor, any right to the alluvion there formed and attached to the lot which he bought. It is contended, that it passed

Eastern District.
*February*, 1830.

CAMBRE & AL.
*vs.*
KOHN & AL.

as an accesory. In the sense in which we now use this word, it means that which accedes to some principal thing, and the idea which it generally conveys, is of something less than the principal. It may happen, however, that the accessory is more valuable than the principal thing, as in the example adduced by the counsel for the appellants, of a costly house placed on a small lot of ground ; and the sale of the lot, without any restrictive expressions, would convey the house to the purchaser. But to effect a transfer of any thing more than is expressly stipulated in a deed, it must be clearly shown by the buyer, that what he claims in addition to the property actually sold, is an accessory, and dependent on the principal.

It is true, that riparious owners of land, acquire alluvions by the right of accession as established by law; but so soon as they are completely formed and attached to the original soil, they are considered as making a part of the estate to which they are joined. This doctrine, so fully in accordance with common sense, is established by some of the authorities cited in this case. In the origin-

al *Encyp. verbo*, under the word alluvion, Eastern District.
*February*, 1830. after stating it to be a mode of acquiring property according to the provisions of the CAMBRE & AL.
*vs.*
KOHN & AL. Roman law ; it is further declared, that the portion thus added, is not considered as new land, it is a part of the old, which acquires the same qualities, and which belongs to the same owner, in the same manner as the increase by the growth of a tree makes part of the tree, &c. This right of acquisition by alluvion, is founded on the general rule of justice and equity, which accords the profit and advantage of a thing, to him who is exposed to damage and loss. The same doctrine is found in Ferriere's Com. on the Custom of Paris, nos. 37 and 38 of art. 326, tit. 15. After pointing out the manner in which an augmentation is made to an inheritance, by alluvion, it is said " cette augmentation est tellement unie a l'heritage qu'elle prend ses qualites, et par consequent devient propre, comme l'heritage auquel elle a ete unie, selon Dumoulins sur l'art 1 de cette costume. Glos. 5, nos. 115 and 116, ou il dit, *increementum alluvionis nobis acquiritur eo jure, quo, ager augmentatus primum ad nos pertinibet, nec istud incrementum*

Eastern District. *consetur novus ager; sed pars primi.* We
*Februa y,* 1830
have assumed as proven (a fact well estab-
CAMRRE & AL lished by the testimony of the cause) that
*vs·*
KOHN & AL. at the time of the sale of the parcel of land,
to Girod, under whom the plaintiffs claim
title to the batture in front of the land sold,
an alluvion had been formed, and attached
thereto, whereas the lot sold was the proper-
ty of B. Gravier, the original vendor, and
made a part of his plantation, which was of
an extent much greater than the land sold.
Now, according to the authorities above cit-
ed, and according to the decision of the su-
perior court of the late territory of New-
Orleans, in the case of J. Gravier *vs.* the Cor-
poration, this allusion must be considered as
having formed an integral part of the planta-
tion of B. Gravier, at the time he sold out
the lots separately on its front, and did not
pass to any purchaser of a restricted part
of the whole plantation, unless it were em-
braced within the limits of the part thus
sold. The titles adduced by the appellants,
show, that B. Gravier conveyed by act of
sale, to Girod, a parallelogram of land, of
160 feet by 51-12, of which the vendor took
full and entire possession, and by this course

Eastern District.
*February*, 1830.

CAMRDE & AL.
*vs.*
KOHN & AL.

of proceeding, all the obligations on the part of the vendor, arising from his contract of sale, were satisfied and discharged, unless the expressions in the act can be legally interpreted, in such a manner as to give to the purcaser an additional quantity of land greater in extent than that conveyed by express limitation to a certain number of square feet. The first of these expressions, is *frente al rio*, and it is contended, that such a clause in the sale of lands, which are bounded by the river, gives to purchasers all contained within lateral lines up to that boundary. The truth of this doctrine cannot be denied, as it relates to a sale and transfer of the whole of a plantation, held by a riparian owner : and is true, according to the judgment of this court, in the case of Morgan *vs.* Livingston, so far as to give to the buyer of a part of the front of a plantation, the privilege of acquiring, by right of alluvion, when it appears that the river was the real boundary at the time of sale, and that nothing intervened, worthy of being considered a fit subject for exclusive ownership. But we are of opinion, that it is not applicable to a sale made of a certain limited part,

taken from a whole tract of land, when at the time of sale the vendor held in full property another part between that sold and the river. In this last case, the words front to the river, must be taken as merely descriptive of the situation of the property sold at the time of sale, and ought not to be construed in such a manner as to extend the grant of the seller beyond the express limits contained in the act of sale, in relation to quantity.

We do not believe that the pretensions of the plaintiffs can be supported by the formal part of the act, which grants to the vendor every thing appertaining to the lot sold. For it has already been shown, that the alluvion did not appertain to it as an accessary, but made a part of the whole plantation from which it was separated in the sale to Girod.

The conclusion to which we have come, in this cause, is entirely conformable to the principles established by the decisions in the cases of Livingston *vs.* Herman, Cochran & Ray *vs.* Story & Fort, and J. Gravier *vs.* the Corporation of New-Orleans, decided under the territorial government. And we are of opinion, that the most rigid interpretation of the act of sale now under considera-

tion against the vendor, would not give the alluvion in question to the vendee, or those claiming under him.

Eastern District,
*February*, 1880.

CAMBRE & AL.
*vs.*
KOHN & AL.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Moreau & Soulé* for the plaintiffs, *Livermore* for the defendants.